[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15031
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80085-RAR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIGUENS CIUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
Southern District of Florida
_____

(October 22, 2020)

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Viguens Cius ("Cius") appeals his sentence following his guilty plea for one count of distribution of a controlled substance and one count of possession with intent to distribute a controlled substance, both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), as well as one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On appeal, Cius argues that the district court erred in classifying him as a career offender under the U.S. Sentencing Guidelines because his four prior state felony convictions under Florida Statute § 893.13 do not constitute "controlled substance offenses" under the Sentencing Guidelines.  Because our precedent forecloses Cius's argument, we affirm his sentence.

## I.      FACTUAL AND PROCEDURAL HISTORY

Cius entered into a plea agreement, which specifically acknowledged the possibility of the district court classifying him as a career offender.  After the district court accepted Cius's guilty plea, a probation officer prepared a presentence investigation report.  Under U.S. Sentencing Guidelines § 2K2.1, a defendant who previously committed "at least two felony convictions of . . . a *controlled substance offense*" receives a base offense level of twenty-four.  U.S.S.G. § 2K2.1(a)(2) (emphasis added).  The Sentencing Guidelines define a "controlled substance offense" as a state or federal law offense, "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or

2

dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The probation officer determined that Cius's four prior convictions for selling cocaine, in violation of Florida Statute § 893.13, warranted applying the career offender enhancement, resulting in a base offense level of thirty-two. *See* Fla. Stat. § 893.13(1)(a)(1) (stating that it is a second-degree felony to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance" described in Florida Statute § 893.03(2)(a)); *id.* § 893.03(2)(a) (listing cocaine and any of its derivatives); *id.* § 775.082(3)(d) (stating that a term of imprisonment for a second-degree felony is a term not exceeding fifteen years). After applying the career offender enhancement and accounting for Cius's timely acceptance of responsibility, the probation officer calculated Cius's offense level as twenty-nine and his criminal history category as VI, which yielded a guidelines range of 262 to 327 months of imprisonment. *See* U.S.S.G. § 4B1.1(c)(3).

Cius objected to the calculations in the presentence investigation report. Specifically, he argued that because Florida Statute § 893.13 does not require a *mens rea* element, his prior convictions under that statute should not qualify as a predicate controlled substance offense under the Sentencing Guidelines. While Cius acknowledged that this Court's precedent precludes his argument, he argued that the district court should adopt the approach taken by the Second, Fifth, and Ninth

3

Circuits, which have required a *mens rea* element in state statutes before applying similar enhancements. The district court sentenced Cius below the Sentencing Guidelines range to 240 months of imprisonment. This timely appeal followed.

## II.    STANDARD OF REVIEW

"This Court reviews *de novo* whether a prior conviction is a 'controlled substance offense' under Section 4B1.2(b)" of the Sentencing Guidelines. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017) (quoting *United States v. Frazier*, 89 F.3d 1501, 1505 (11th Cir. 1996)).

## III.    ANALYSIS

On appeal, Cius argues that the district court erred in finding that his state-law convictions for selling cocaine were predicate offenses for a career offender determination given the lack of a *mens rea* requirement for those convictions. Cius, however, acknowledges that his argument is contrary to this Court's decision in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014). In *Smith,* we rejected the generic-offense analysis that Cius now advocates for in this case and concluded that a court need not determine whether the elements of a state law conviction serving as a predicate drug offense match "the elements of 'generic' definitions of 'serious drug offense' and 'controlled substance offense'" under federal law, but instead, stated that the definitions of "serious drug offense" and "controlled substance offense" in § 924(e)(2)(A) and U.S. Sentencing Guidelines § 4B1.2(b) should be compared to

the state offense. *Smith*, 775 F.3d at 1267. As a result, we held that a conviction under Florida Statute § 893.13(1) is a "serious drug offense" under § 924(e)(2)(A) and a "controlled substance offense" under Sentencing Guidelines § 4B1.2(b). *Smith*, 775 F.3d at 1268. The Supreme Court subsequently affirmed this Court's approach in *Shular v. United States*, 140 S. Ct. 779 (2020), determining that a sentencing enhancement is appropriate when the conviction involves certain specified conduct, even if the elements of the state law crime are not the same as those of the generic offense. *See id.* at 787.

Until the Supreme Court or this Court sitting *en banc* overrules *Smith*, it remains binding precedent in this Circuit, and we must apply it to this case. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (describing the prior precedent rule). Under *Smith*, Florida Statute § 893.13(1) is both a "serious drug offense" under § 924(e)(2)(A) and a "controlled substance offense" under Sentencing Guidelines § 4B1.2(b). 775 F.3d at 1268. Because *Smith* remains binding precedent, Cius's four Florida convictions for the sale of cocaine in violation of Fla. Stat. § 893.13 are qualifying predicate convictions and the district court did not err in sentencing Cius under the career offender enhancement.

Accordingly, we affirm Cius's sentence.

**AFFIRMED.**

5